# Federal Defenders
## OF NEW YORK, INC.

Eastern District
770 Federal Plaza, Central Islip, NY 11722
Tel: (631) 712-6500  Fax: (631) 712-6505

**Tamara L. Giwa**
*Executive Director and Attorney-in-Chief*

**Michelle A. Gelernt**
*Attorney-in-Charge*

May 2, 2025

**VIA ECF and EMAIL**,
Andrew Wenzel
Assistant U.S. Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, New York, 11722

**Re:** *U.S v. Casey Bates*, 25 Cr. 149 (JS)
   **Discovery Request**

Dear Counsel:

I represent **Casey Bates** on the above-captioned case. This letter constitutes a formal request for discovery in accordance with the Local Rules of the Eastern District of New York, Rule 16 of the Federal Rules of Criminal Procedure, the constitutional requirements set forth by Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and United States v. Agurs, 427 U.S. 97 (1976). Each request calls for all responsive items which are within the possession, custody, or control of the government, or which are either known to exist or could by the exercise of due diligence become known to the government. Each request is also of a continuing nature, and prompt notice is requested if responsive information comes to the government's attention at any point in the future.

If the government declines to provide any requested information, please advise me of the government's objection so that we may confer to try to resolve the issue, as directed by Local Criminal Rule 16.1.

As per F.R.C.P. 16.1(a), I am available for a Pretrial Discovery Conference.

***When making discovery available to Counsel via USAFX please also add my paralegal at yvette_genao@fd.org and my litigation support at nye_litsuppport@fd.org.***

## Rule 16

(1) Please provide:

    (a)    all statements of the defendant, F.R.C.P., 16(a)(1)(A) and (B);

    (b)    the defendant's prior criminal record, if any, F.R.C.P. 16(a)(1)(D);

    (c)    access to documents and objects, F.R.C.P., 16(a)(1)(E);

    (d)    reports of examinations and tests, F.R.C.P. 16(a)(1)(F);

    (e)    disclosures by expert witnesses, F.R.C.P. 16(a)(1)(G).

These requests include any search warrant, warrant affidavit, warrant return forms, and/or warrant inventories, pictures of items seized, and places searched, as well as the exact location within the home, apartment, office, or vehicle where each item was seized.

If any item was seized or obtained from the defendant at the time of his arrest, provide the name(s) of any person involved in that taking and the date, time, and exact location of that taking.

## Personal Property

(2) Please arrange for the return of all personal property, belongings and effects which were taken from the defendant at the time of his arrest that will not be held as evidence, sooner rather than later. If law enforcement needs to know to whom the property should be returned, please contact me. (Please tell your agents that if they wait until after the case has concluded I may not be able to answer that question.)

## Destruction or Release of Items

(3) Please provide a detailed description of any documents, objects or physical evidence relating to this case which have been

destroyed, lost, or which are no longer in the custody or control of the government. If the government contemplates destroying or releasing any such items in the future, we request notice and an opportunity to object prior to any such action.

### Uncharged Conduct

(4) Please describe any evidence of uncharged conduct of the defendant which the government intends to introduce at trial. See Rule 404(b), Fed. R. Evid.

### Identification Procedures

(5) Please provide a description of any identification procedure employed in this case, including lineups, showups, photo arrays, or the display of the defendant's person, photograph or image to any witness.  Please state the date, time and place of each occurrence and the names of the persons including counsel who were present. Please provide copies of all photographs and photo arrays as well as all documents or recordings which describe or memorialize the identification procedure(s). See Neil v. Biggers, 409 U.S. 188, 199 (1972). If any witness has failed to identify the defendant after any identification procedure, please identify the witness and indicate the date and circumstances of the identification procedure. See Brady v. Maryland, 373 U.S. 83 (1963); Kyles v. Whitley, 514 U.S. 419 (1995).

### Brady and Giglio Material

(6) Pursuant to the Constitutional requirements of United States v. Agurs, 427 U.S. 97 (1927), Giles v. Maryland, 386 U.S. 66 (1967), and Brady v. Maryland, 373 U.S. 83 (1963) and Kyles v. Whitley, 514 U. S. 419 (1995), please provide any exculpatory or favorable evidence or information, or any evidence or statements of anyone which may be favorable to the defendant or which may tend to exonerate him, which is in the possession or control of the government or its agents, or, if unknown, can by due diligence become known or acquired by the government, or its agents, including, but not limited to, the following:

> (a) copies of any statement or the substance of any oral statements made by any prospective government witness, or by any co-defendant or alleged co-conspirator indicted or unindicted, which is exculpatory of or favorable to Mr. Bates, or which is inconsistent with any fact the government alleges with respect to the charges in the indictment;

    (b) copies of any statements or the substance of any oral statements made at any time by Mr. Bates in which he refused to participate in the acts alleged;

    (c) copies of any reports of mental illness, drug use, excessive alcoholism, or any medical condition which would affect the ability to observe or remember an observed fact of any prospective government witness or informant;

    (d) reports of any statement by any prospective witness or agent or informant who, having been in a position to observe Mr. Bates in a location relevant to the commission of the alleged crimes, failed at a later date to identify Mr. Bates as the person who was in that location.

    (e) Any and all documents, information, or other evidence which might tend to impeach the government's witnesses. This includes any and all records and information revealing prior misconduct attributed to the witness, prior inconsistent statements, and present motivation to falsify, including, but not limited to personnel files, administrative or disciplinary records, rap sheets, and any and all orders, memoranda, and agreements granting the witnesses any form of immunity from criminal prosecution; any and all investigations into the witnesses' conduct which might reasonably provide a motive for the witnesses' testimony; any and all vouchers or receipts reflecting reimbursement or payments made to the witness; and any and all records, memoranda and correspondence between any non-law enforcement witnesses and law enforcement authorities which might reasonably reflect on the witnesses' motives and relationships with the government. _Giglio v. United States_, 405 U.S. 150, 154-55 (1972); _Brady v. Maryland_, 373 U.S. 83 (1963); _United States v. Kiszewski_, 877 F.2d 210, 215-16 (2d Cir. 1989).

If the government is aware of facts, which would constitute _Brady_ material but assumes that Mr. Bates's counsel knows or should know such facts, please verify that counsel is aware of these facts.

Thank you for your cooperation.

                                    Very truly yours,

                                    *[signature: Tracey L. Eadie Gaffey]*

                                    Tracey L. Eadie Gaffey
                                    Assistant Federal Defender
                                    (631) 712-6500
                                    tracey_gaffey@fd.org

CC:   Clerk of the Court