

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

APW
F. #2021R00482

*610 Federal Plaza*
*Central Islip, New York 11722*

May 7, 2025

By USAfx and ECF

Tracey Gaffey, Esq.
Federal Defenders of New York, Inc.
770 Federal Plaza
Central Islip, New York 11722

    Re: United States v. Casey Bates
       Criminal Docket No. 25-CR-149(JS)

Dear Ms. Gaffey:

  Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I.  The Government's Discovery

  A. Statements of the Defendant

- Statements of the Defendant are annexed hereto and bates-numbered BATES000001- BATES000003
- Copy of the signed Miranda waiver form, BATES000121

  B. The Defendant's Criminal History

  The Defendant has no criminal history

  C. Documents and Tangible Objects

- Premises search warrant and affidavit, BATES000004 – BATES000084

- Vouchers listing property recovered during the execution of a search warrant, BATES000085 – BATES000096

- ROI describing execution of search warrant and property recovered BATES000097 – BATES000099

- ROI describing investigation in Bates' activity on the Dark Web, number BATES000100 – BATES000111

- Records from the defendant's CashApp account, numbered BATES000112

- Records from the defendant's Chase account, numbered BATES000113

- Records from the defendant's Coinbase account, numbered BATES000114

- Records from the defendant's Google iCloud account, numbered BATES000115

- Records from the defendant's Google Pay account, numbered BATES000116

- Records from the defendant's Gmail account, numbered BATES000117

- Records from the defendant's Kraken account, numbered BATES000118

- Records from the defendant's Optimum account, numbered BATES000119

- Records from the defendant's Paypal.Venmo account, numbered BATES000120

Additionally, agent are in the process of examining the electronic devices recovered during the execution of a search warrant, described above in BATES000085 – BATES000096.  As these items contain contraband you must examine this evidence in a secure room at the USAO.  If you wish to do this, please call me to arrange a time.

D. <u>Reports of Examinations and Tests</u>

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

E.   <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F.   <u>Brady Material</u>

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

G.   <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.   <u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public

authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

JOSEPH NOCELLA, JR.
United States Attorney

By:     /s/ Andrew P. Wenzel
Andrew P. Wenzel
Assistant U.S. Attorney
(631) 715-7832

Enclosures

cc:     Clerk of the Court (JS) (by ECF) (without enclosures)